**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EMILIO SANTIAGO MENDEZ

    **Plaintiff(s)**

       **v.**

COMMISSIONER OF SOCIAL SECURITY

    **Defendant(s)**

**CIVIL NO.** 02-2259 (JAG)

**ORDER**

On August 20, 2002, Emilio Santiago Mendez ("Santiago") filed this action under 42 U.S.C. §405(g) seeking review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability (Docket No. 1).  On May 12, 2003, after the respective memorandums were filed, the Court referred the case to Magistrate-Judge Justo Arenas for a Report and Recommendation (Docket No. 17).  On October 21, 2003, Magistrate-Judge Arenas recommended that the Court to affirm the Commissioner's decision to deny Santiago disability insurance benefits (Docket No. 19).  The Court, however, rejected the Report and Recommendation and remanded the case to the Commissioner for further proceedings (Docket No. 22).  Pending before the Court is Santiago's Motion for Attorney's Fees pursuant to Section 204(a) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. (Docket No. 24).  Santiago's Motion for Attorney's Fees stands unopposed.

Civil No. 02-2259 (JAG)                                        2

A. Standard for Attorney's Fees under the EAJA

Under the EAJA, a party prevailing against the United States in Court, including a successful Social Security benefits claimant, may be awarded attorney's fees payable by the United States if the Government's position in the litigation was not substantially justified. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); see also 28 U.S.C. § 2412(d)(1)(A). The EAJA provides that a party seeking an award of attorney's fees shall submit an itemized application to the Court within thirty (30) days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). EAJA fees are not determined by a percent of the amount recovered, but by the time expended and the attorney's hourly rate capped at $125 per hour.[1]  See 28 U.S.C. § 2412(d)(2)(A)(ii).

Accordingly, the Court must determine whether the claimant was a "prevailing party" and whether the Government has proven by a preponderance of the evidence that its position was "substantially justified." Omni Packaging Inc v. U.S.I.N.S., 940 F.Supp. 42, 45 (D.P.R. 1996). In assessing the latter, the Court must determine whether the Government had a reasonable basis in law and fact for the theories it advanced. Id. This inquiry is independent of the

---

[1] A higher fee may be awarded if "the court determines that an increase in the cost of living or a special factor, such as  the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee" Id.

Civil No. 02-2259 (JAG)                                            3

outcome of the merits.  <u>Sierra Club v. Secretary of Army</u>, 820 F.2d
513, 517 (1st Cir. 1987).

B.  <u>Santiago's Motion for Attorney's Fees</u>

Attorney Juan A. Hernandez-Rivera argues that he is entitled to
attorney's fees because Santiago is a "prevailing party" under the
EAJA and the Government has not shown that the agency's position was
"substantially justified" throughout the proceedings.  Attorney
Hernandez contends that given that the case was remanded for further
proceedings before the Social Security Administration, Santiago is
a "prevailing party" under the EAJA.

With respect to the issue of remands and entitlement to
attorney's fees, the Supreme Court established that there are only
<u>two</u> kinds of remand permitted under 42 U.S.C. §405(g), those being
(1) a remand in conjunction with a judgment affirming, modifying, or
reversing an administrative decision (also known as a "sentence-
four" remand), or (2) a remand in light of additional evidence but
without making a substantive ruling to the correctness of decision,
if claimant shows good cause for failing to present evidence earlier
(also known as a "sentence-six" remand).  <u>See</u> <u>Melkonyan v. Sullivan</u>,
501 U.S. 89, 94 (1991).  The Supreme Court has further held that a
claimant who has obtained judgment in his or her favor under
"sentence-four" becomes a "prevailing party" at the time of entry of
judgment, for purposes of triggering the time period for filing of
a claim for fees under the EAJA, even though the claimant does not

Civil No. 02-2259 (JAG)                                           4

become entitled to benefits until administrative review called for under the remand order has been concluded.  See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-301 (1993).

Given that this case was remanded for further proceedings under "sentence-four" of 42 U.S.C. §405(g), the Court finds that Santiago is a "prevailing party" under the statute.  Moreover, the Court finds that the Government's theory was not "substantially justified" for the case had to be remanded for further proceedings to substantiate the Commissioner's denial of Santiago's Social Security benefits.

**CONCLUSION**

In light of the foregoing, the Court grants the Motion for Attorney's fees as unopposed. (Docket No. 24).  Santiago shall be awarded **$3,940.62** in attorney's fees.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of April, 2005.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge